UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY WAYNE JONES,

Plaintiff,

v.

C W McELROY, et al.,

Defendants.

No. 2:13-cv-1375 CKD P

ORDER

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Here, plaintiff names twenty-one individual defendants at California State Prison-Sacramento ("CSP-Sac"). In brief, he alleges that on June 12, 2012, defendant McElroy pepper-sprayed him without provocation, punched him several times, threw him to the ground, and repeatedly slammed his face into the ground. Defendant Dingfelder also pepper-sprayed him and

2

1    assisted defendants Perez, Lish, and Sharp, who secured his handcuffs and leg chains too tightly,
2    restricting blood flow.  Defendants Jochim, Lobato, and Sullivan observed this incident and did
3    not intervene.  Plaintiff was confined to a holding cage for one to two hours with no medical
4    attention for his injuries or the effects of the pepper spray.  Various defendants failed to respond
5    to his requests to loosen his handcuffs and provide medical attention.  Later that day, plaintiff was
6    taken to the Facility B clinic and examined by medical staff.  Two days later, on June 14, 2013,
7    an X-ray of plaintiff's back and ribcage revealed no acute rib fractures.  On June 15, 2013,
8    plaintiff was again examined for injuries, which included a "golf ball size lump" on his forehead
9    and lacerations and bruises on his head, face, neck, shoulders, back, wrists, and ankles.  On June
10   28, 2013, plaintiff was prescribed several anti-pain medications for his injuries.

11        At an August 5, 2012 disciplinary hearing, plaintiff was found guilty of obstructing a
12   peace officer based on "falsified" reports of the June 12 incident.  Petitioner's administrative
13   appeal of the disciplinary conviction was partially granted.  Defendant Virga, the Warden of CSP-
14   Sac, had been put on notice of defendant McElroy "routinely beating handcuffed inmates" and
15   other "systematic and frequent misconduct" by prison staff and did nothing to stop it, "which
16   ultimately resulted in the June 12, 2012 attack upon plaintiff."  (ECF No. 1.)

17   I. Excessive Force

18        The Eighth Amendment prohibits cruel and unusual punishment.  "[T]he unnecessary and
19   wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth
20   Amendment."  Whitely v. Albers, 475 U.S. 312, 319 (1986).  "The Eighth Amendment's
21   prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition
22   de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the
23   conscience of mankind."  Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (quoting Hudson v.
24   McMillian, 503 U.S. 1, 9, (1992)) (internal quotations omitted).

25        Not every malevolent touch by a prison guard gives rise to a federal cause of action.
26   Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  In
27   determining whether the use of force was wanton and unnecessary, courts may evaluate the extent
28   of the prisoner's injury, the need for application of force, the relationship between that need and

3

the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir.1995).

Here, the court finds that for screening purposes plaintiff states an excessive force claim against defendants McElroy, Dingfelder[1], Jochim, Lobato, Sullivan, and Virga.

II. Medical Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of

---

[1] See Furnace v. Sullivan, 705 F.3d 1021, 1028-1031 (9th Cir. 2013) ("[I]t is generally recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas, or other chemical agents in quantities greater than necessary for the sole purpose of infliction of pain." (Internal quotations and citations omitted.)

4

1 pain.'" Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

Under this standard, plaintiff has failed to state a medical indifference claim against any defendant.  Neither mere delays in medical treatment, nor disagreements between plaintiff and medical staff about the extent of his need for treatment, are cognizable under § 1983.

Plaintiff will have the opportunity to file an amended complaint to attempt to state a claim against any defendant(s) other than the six named above.  Plaintiff will be given 30 days from the

5

date of service of this order to amend his complaint. Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss the remaining fifteen defendants and causes of action with prejudice.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants Lish, Sharp, Perez, Conedy, Lujan, Konrad, Heintschel, Lopez, Spangler, Dacio, Higgins, Marx, Bennett, Wedell, and Heise are dismissed with leave to amend. Additionally, all claims except Eighth Amendment claims against defendants McElroy, Dingfelder, Lobato, Jochim, Sullivan, and Virga are dismissed with leave to

amend;

    4.  If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

    5.  Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated:  September 5, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jone1375.14.new