UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WAYNE JONES, | No. 2:13-cv-1375 CKD P |
| Plaintiff, | |
| v. | ORDER & |
| C W McELROY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983.  Before the court for screening is plaintiff's first amended complaint.  (ECF No. 9 ("FAC").)

As in his original complaint, plaintiff names twenty-one individual defendants at California State Prison-Sacramento ("CSP-Sac").  Having reviewed the FAC, the undersigned concludes that it states cognizable claims pursuant to 42 U.S.C. § 1983 against the following defendants for using excessive force in violation of the Eighth Amendment: McElroy, Dingfelder, Jochim, Lobato, Sullivan, Lish, Sharp, and Perez – all of whom allegedly participated in a June 12, 2012 incident in which plaintiff was pepper-sprayed, punched repeatedly, and thrown to the ground.  (See ECF No. 6 at 2-3.)  The FAC also states a cognizable claim against defendant Warden Virga for his alleged deliberate indifference to the frequent use of excessive force by prison staff.  (See id.)

1  Plaintiff further alleges that, after being tightly handcuffed and placed in leg restraints by
2  defendants Lish and Sharp, he was placed in a holding cage for two hours.  He asked various
3  defendants for "medical attention," including loosening or removing his restraints, which were
4  cutting into his wrists and ankles, but no one intervened to help him.  Plaintiff's restraints were
5  eventually removed when he was returned to his cell.  The undersigned concludes that the FAC
6  does not state an excessive force claim against any defendant for failing to intervene during this
7  period.  See Guerrero v. Rivera, 2013 WL 878285, *2 (E.D. Cal. March 8, 2013) (prisoner failed
8  to state excessive force claim against any defendant by alleging he was handcuffed for five to
9  seven hours, during which time each defendant "passed by," refused to loosen the cuffs, and
10 "walked away.") (collecting cases).  Mere negligence is not actionable under §1983 in the prison
11 context.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

12 Plaintiff next alleges that various medical defendants did not sufficiently evaluate or treat
13 his injuries arising from this incident.  He alleges that he suffered a "golf ball size lump" on his
14 forehead, "chest wall contusion, lacerations, abrasions, bruising, scratches and swelling
15 throughout [his] head, facial area, neck, shoulders, back, wrists and ankles." (FAC ¶ 83.)  He was
16 not prescribed pain medication for his injuries until sixteen days later, on June 28, 2012.  (Id., ¶¶
17 79-80.)  However, under the standard set forth in the September 5, 2013 screening order, plaintiff
18 fails to state a medical indifference claim against any defendant.  (ECF No. 6 at 4-5.)

19 Plaintiff alleges that various defendants "taunted" and "verbally abused" him after this
20 incident in an attempt to discourage him from filing administrative grievances.  Allegations of
21 verbal abuse and threats are not cognizable under §1983.  See Corales v. Bennett, 567 F.3d 554,
22 564-565 (9th Cir. 2009) (allegations that prison guards threatened prisoner insufficient to state
23 constitutional claim), citing Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  However,
24 plaintiff's allegation that defendant Jochim "taunted plaintiff by pointing to her O.C. pepper spray
25 canister whenever Plaintiff requested to speak with an Administrative Segregation Supervisor"
26 (FAC ¶ 89) arguably implicates petitioner's First Amendment right to engage in protected
27 activities without retaliation.  To establish a First Amendment retaliation claim, plaintiff must
28 show: (1) an adverse action against him; (2) because of; (3) his protected conduct, and that such

action; (4) chilled his exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).  "The mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect."  Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009).  The threat need not be explicit or specific.  Id.  Rather the question for the court is whether a reasonable factfinder could interpret the statements as "'intimating that some form of punishment or adverse regulatory action would follow.'"  See id. (quoting Okwedy v. Molinari, 333 F.3d 339, 343 (2d Cir.2003)).  The court concludes that for screening purposes plaintiff states a retaliation claim against defendant Jochim.

Petitioner does not state a cognizable claim that his due process rights were violated.  See Hernandez v. Medina, 2007 WL 2221079, *2 (N.D. Cal. Aug. 2, 2007) ("[I]t is well-established that a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."), citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).

In sum, the undersigned will recommend that this action be dismissed as to all defendants except: McElroy, Dingfelder, Lish, Sharp, Perez, Lobato, Jochim, Sullivan, and Virga.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of Court assign a district judge to this action;

2. Service is appropriate for the following nine defendants:  McElroy, Dingfelder, Lish, Sharp, Perez, Lobato, Jochim, Sullivan, and Virga.

3. The Clerk of the Court shall send plaintiff nine USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed October 8, 2013;

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 2 above;

and

        d. Ten copies of the endorsed complaint filed October 8, 2013.

5. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs;

IT IS HEREBY RECOMMENDED THAT the following defendants be dismissed from this action with prejudice: Conedy, Lujan, Konrad, Heintschel, Lopez, Spangler, Dacio, Higgins, Marx, Bennet, Wedell, and Heise.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 13, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jone1375.fac