UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WAYNE JONES, | No. 2:13-cv-1375 CKD P |
| Plaintiff, | |
| v. | ORDER |
| C W McELROY, et al., | |
| Defendants. | |

This pro se prisoner civil rights action is brought pursuant to 42 U.S.C. § 1983. Defendants have filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action (ECF No. 24) and a motion for summary judgment asserting that plaintiff has failed to exhaust administrative remedies (ECF No. 25). Plaintiff was granted an extension of time to respond to both motions. (ECF No. 29.) In lieu of responses, plaintiff has filed a motion seeking an order allowing him to conduct discovery before responding to the motions. (ECF No. 30.)

As to the motion to dismiss, discovery is not required, and indeed will not be considered in determining the sufficiency of the complaint. In considering whether a complaint states a cognizable cause of action under Rule 12(b)(6), the court must accept as true the allegations of

1

1  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

2  construe the pleading in the light most favorable to the party opposing the motion, and resolve all

3  doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.

4  869 (1969).  The court will "'presume that general allegations embrace those specific facts that

5  are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510

6  U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

7       As to the motion for summary judgment, the only issue is whether plaintiff has exhausted

8  administrative remedies as to his claims.  See Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).  At

9  this stage of the litigation, "[i]f discovery is appropriate, the district court may in its discretion

10 limit discovery to evidence concerning exhaustion, leaving until later – if it becomes necessary –

11 discovery directed to the merits of the suit." Id. at 1170 (citation omitted).  Here, plaintiff seeks

12 to conduct discovery as to the merits of his case, which is premature.  It is not clear whether he

13 also wishes to conduct discovery on the issue of exhaustion of administrative remedies.

14       Accordingly, the court will grant plaintiff an additional thirty days to respond to

15 defendants' motions.  As discovery is irrelevant to the motion to dismiss, the court will grant no

16 further extensions of time for plaintiff to respond to this motion.  As to the motion for summary

17 judgment, plaintiff is advised to review the evidence defendants have submitted on the issue of

18 exhaustion (ECF No. 25).  If he believes there is additional discoverable evidence on this issue,

19 he may file a motion explaining what discovery he seeks to conduct, and if warranted, the court

20 will extend time to do so.

21       Accordingly, IT IS HEREBY ORDERED that:

22       1. Plaintiff's motion for court order (ECF No. 30) is granted in part as follows:

23       (a) Within thirty days from the date of this order, plaintiff shall file a response to

24 defendants' motion to dismiss (ECF No. 24).  No further extensions of time will be granted.

25 ////

26 ////

27 ////

28 ////

    (b) Within thirty days from the date of this order, plaintiff shall file a response to defendants' motion for summary judgment (ECF No. 25). Alternatively, plaintiff may file a motion for limited discovery, setting out the basis for his belief that there is additional relevant evidence on the issue of exhaustion.

Dated: September 30, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jone1375.ord2