UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WAYNE JONES, | No. 2:13-cv-1375 CKD P |
| Plaintiff, | |
| v. | <u>ORDER</u> AND |
| CW McELROY, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the First Amended Complaint filed October 8, 2013. (ECF No. 9 ("FAC").) In the screening order, the undersigned determined that plaintiff stated excessive force claims against eight defendants, a deliberate indifference claim against one defendant, and a retaliation claim against one of the nine defendants. (ECF No. 10.) Before the court are defendants' motion to dismiss for failure to state a cause of action (ECF No. 24) and motion for summary judgment for failure to exhaust administrative remedies (ECF No. 25). In total, defendants argue that all but two defendants should be dismissed from this action.

Having carefully considered the record and the applicable law, the undersigned will recommend that defendants' motions be granted in part and denied in part, as set forth below.

I. Motion to Dismiss

Based on plaintiff's allegations in the FAC, the undersigned concluded that he stated claims against the following defendants for using excessive force against him on June 12, 2012, in violation of the Eighth Amendment: McElroy, Dingfelder, Jochim, Lobato, Sullivan, Lish, Sharp and Perez. (ECF No. 10 at 1.) These defendants allegedly participated in an incident in which plaintiff was pepper-sprayed, punched, and thrown to the ground. (Id.) Defendant Warden Virga was screened in for his alleged deliberate indifference to correctional guards' excessive use of force. (Id.) Additionally, the court found plaintiff to state a First Amendment retaliation claim against defendant Jochim based on the allegation that she "taunted plaintiff" by pointing to her pepper spray canister whenever plaintiff asked to speak with a supervisor. (Id. at 2-3.)

Defendants argue that the following defendants should be dismissed under Rule 12(b)(6) due to plaintiff's failure to state a claim against them: Jochim, Lish, Lobato, Perez, Sharp, Sullivan, and Virga. (ECF No. 24.) Plaintiff has filed an opposition (ECF No. 38), and defendants have filed a reply (ECF No. 39).

A. Legal Standard

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

B. Analysis

Plaintiff alleges that, on June 12, 2012, while he was confined inside a holding cage, defendant McElroy pointed his pepper spray canister at him. When plaintiff turned his back to avoid the spray, McElroy sprayed him in the back, soon joined by defendant Dingfelder. McElroy then allegedly reached into the holding cage to punch plaintiff in the back and ribcage several times. He then allegedly opened the cage, grabbed plaintiff around the neck in a choke-hold, and threw him to the ground with such force that plaintiff's glasses broke into pieces. (FAC, ¶¶ 17-26.) Plaintiff then alleges:

> Rather than protecting Plaintiff from an obvious, violent and substantial risk of serious harm, and without making an effort to temper the severity of Defendants McElroy and Dingfelder's forceful response, Defendants Perez, Lish and Sharp instead participated by jointly subjecting Plaintiff to their own brand of unnecessary and wanton infliction of pain.

(Id., ¶ 28.) While McElroy held plaintiff to the ground, Perez pinned plaintiff's arms behind his back while Lish and Sharp applied restraints to plaintiff's wrists and legs. Lish and Sharp

3

1 deliberately tightened the handcuffs and leg chains, severely restricting the blood flow to
2 plaintiff's extremities.  (Id., ¶¶ 30-32.)  During this time, McElroy released his chokehold on
3 plaintiff and repeatedly slammed plaintiff's face and head into the ground while striking the side
4 of plaintiff's head with his knee.  (Id., ¶¶ 33-34.)

> Defendant Jochim, Defendant Lobato, and Defendant Sullivan observed the aforementioned Defendants subjecting Plaintiff to unnecessary and excessive force from within the housing unit staff office without intervening on Plaintiff's behalf. . . . [E]ach had a realistic opportunity to prevent the unnecessary and excessive use of force upon Plaintiff, or at the very least, stop the aforementioned Defendants from continuing their violent attack upon Plaintiff.

(Id., ¶¶ 35-36.)

In their motion to dismiss, defendants argue that Perez's pinning plaintiff's arms behind his back, and Lish and Sharp's application of restraints to plaintiff's arms and legs, do not constitute Eighth Amendment violations.  (ECF No. 24-1 at 6-10.)  However, in its initial screening of this action, the court noted that "[t]he failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to so." (ECF No. 6 at 4.)  See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (failure to intervene and protect can violate a prisoner's Eighth Amendment rights).  The FAC states claims against Perez, Lish, and Sharp on this basis.[1]

Plaintiff asserts that Lish's and Sharp's malicious application of painful restraints during the June 12, 2012 incident also constituted unconstitutional excessive force.  Defendants argue that the restraints were applied in a good-faith effort to restore discipline in a volatile and dangerous situation.  "A series of Ninth Circuit cases has held that tight handcuffing can constitute excessive force. [Citations omitted.]  The issue of tight handcuffing is usually fact-specific and is likely to turn on the credibility of the witnesses."  LaLonde v. County of Riverside, 204 F.3d 947, 960 (9th Cir. 2000).  "In general, in cases where tight handcuffing was found to constitute excessive force, the plaintiff was in visible pain, repeatedly asked the defendant to

---

[1] In contrast, the court concluded that "the FAC does not state an excessive force claim against any defendant for failing to intervene *during this period*" (ECF No. 10 at 2; emphasis added) – i.e., the two-hour period after decontamination, during which plaintiff was confined to a holding cage and no defendant heeded his requests for help.

4

remove or loosen the handcuffs, had pre-existing injuries known to the defendant, or alleged other forms of abusive conduct by the defendant." Reviere v. Phillips, No. 1:11-cv-00483 AWI DLB (PC), 2014 WL 711002, *6 (E.D. Cal. Feb. 21, 2014) (collecting cases). Here, in light of the alleged context of ongoing abuse and Lish's and Sharp's failure to intervene, the undersigned concludes that plaintiff's restraint-based claims against these defendants are sufficient to go forward. However, Perez's alleged pinning of plaintiff's arms behind his back is not a sufficient stand-alone basis for an excessive force claim.

As to defendants Jochim, Lobato, and Sullivan, defendants argue that the FAC does not specify how close these defendants were standing or how they could have stopped the alleged attack on plaintiff. (ECF No. 39 at 2-3.) Defendants assert that plaintiff does not allege "that the incident lasted long enough that these Defendants could have intervened, even if they . . . were in sufficiently close proximity to do so." (Id.) However, construing the pleading in the light most favorable to plaintiff, the altercation – beginning with pepper spray and progressing through punching, a chokehold, throwing plaintiff to the ground, slamming plaintiff's head to the ground, handcuffing and shackling plaintiff, and kicking him repeatedly – could have lasted long enough for nearby witnesses to intervene. The FAC sufficiently alleges Eighth Amendment claims against Jochim, Lobato, and Sullivan.

As to defendant Warden Virga, plaintiff alleges that Virga had been put on notice, "by Plaintiff and other inmates, of an egregious and violent history of Ad-Seg staff, specifically defendants McElroy and Jochim . . ."; and that, despite Virga's knowledge of staff misconduct "via inmates['] CDCR 602 appeals," Virga refused to take remedial action, resulting in the June 2012 attack on plaintiff. (FAC, ¶¶ 111-113.)

Government officials acting as supervisors may be liable pursuant to Section 1983 under certain circumstances. "[W]hen a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinate." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

////

5

A defendant may be held liable as a supervisor under Section 1983 if there exists "either (1) his or her personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Starr, 652 F.3d at 1207.  A supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates may establish supervisory liability.  Starr, 652 F.3d at 1208.  Two recent Ninth Circuit cases on supervisory liability are instructive:

In Starr, supra, 652 F. 3d 1202, the plaintiff, an inmate at the Los Angeles County Jail, was physically attacked by inmates and deputy sheriffs.  He filed a § 1983 action against Los Angeles County Sheriff Leroy Baca as well as the deputies involved in the attack, arguing that his conditions of his confinement violated the Eighth and Fourteenth Amendments.  The plaintiff contended that even though Sheriff Baca was not personally involved in the attack, Sheriff Baca was nonetheless "liable in his individual capacity because he knew or should have known about the dangers in the Los Angeles County Jail, and that he was deliberately indifferent to those dangers." Id. at 1204–05.

The Ninth Circuit concluded that plaintiff stated a deliberate indifference claim against Sheriff Baca. Id. at 1208.  The court reasoned that the complaint made

> detailed factual allegations that go well beyond reciting the elements of a claim of deliberate indifference. These allegations are neither 'bald' nor 'conclusory,' and hence are entitled to the presumption of truth.  [Ashcroft v. Iqbal, 129 S. Ct. [1937] at 1951[, (2009)].  Starr specifically alleges numerous incidents in which inmates in Los Angeles County jails have been killed or injured because of the culpable actions of the subordinates of Sheriff Baca. The complaint specifically alleges that Sheriff Baca was given notice of all of these incidents. It specifically alleges, in addition, that Sheriff Baca was given notice, in several reports, of systematic problems in the county jails under his supervision that have resulted in these deaths and injuries.  Finally, it alleges that Sheriff Baca did not take action to protect inmates under his care despite the dangers, created by the actions of his subordinates, of which he had been made aware.
>
> . . .
>
> Second, the factual allegations in Starr's complaint plausibly suggest that Sheriff Baca acquiesced in the unconstitutional conduct of his subordinates, and was thereby deliberately indifferent to the

        danger posed to Starr.

Id. at 1216.

        In contrast, in Hydrick v. Hunter, 669 F.3d 937, 941 (9th Cir. 2012), the Ninth Circuit determined that plaintiffs, a class of civilly committed persons at Atascadero State Hospital, failed to state a § 1983 claim against hospital administrators and other supervisory defendants. Unlike in Starr, the Ninth Circuit reasoned, "[p]laintiff's complaint is based on conclusory allegations and generalities, without any allegation of the specific wrong-doing by each Defendant. . . . [T]here is no allegation of . . . a specific event or events instigated by the Defendants that led to [the] purportedly unconstitutional [conduct]." Id. at 942. Nor were there "specific allegations regarding each Defendant's purported knowledge" of the allegedly unconstitutional conduct. Id. Rather, plaintiff's claims against these defendants were "devoid of specifics." Id. The Ninth Circuit continued:

> The absence of specifics is significant because, to establish individual liability under 42 U.S.C. § 1983, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' Iqbal, 129 S. Ct. at 1948. Even under a 'deliberate indifference' theory of individual liability, the Plaintiffs must still allege sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates. Starr, 652 F.3d at 1206–07. In short, Plaintiffs' 'bald' and 'conclusory' allegations are insufficient to establish individual liability under 42 U.S.C. § 1983. See Iqbal, 129 S. Ct. at 1950–53; cf. Starr, 652 F.3d at 1216–17.

Id.

        In the instant case, the undersigned concludes that plaintiff's allegations as to Warden Virga are closer to the conclusory allegations in Hydrick than the detailed and specific allegations in Starr. As plaintiff has not pled specific facts to plausibly establish Virga's knowledge of or acquiescence in any constitutional injury to plaintiff, defendants' Rule 12(b)(6) motion should be granted as to Virga.

        Finally, defendants argue that plaintiff has not stated a First Amendment retaliation claim as to Jochim, as he fails to allege an adverse action due to protected activity. Plaintiff alleges that Jochim "continuously taunted plaintiff with jokes about the June 12, 2012 incident while

periodically threatening to use chemical agent/pepper spray and force upon plaintiff." (FAC, ¶ 87.) Jochim allegedly "taunted" plaintiff "by pointing to her O.C. pepper spray cannister [sic] whenever Plaintiff requested to speak with an Administrative Segregation Supervisor." (Id., ¶ 89.) Plaintiff interpreted such actions as intended "to discourage and scare Plaintiff away from filing administrative grievances and continuing his litigation activities." (Id., ¶ 90.)

To establish a First Amendment retaliation claim, plaintiff must show: (1) an adverse action against him; (2) because of; (3) his protected conduct, and that such action; (4) chilled his exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). "The mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009). The threat need not be explicit or specific. Id. Rather the question for the court is whether a reasonable factfinder could interpret the statements as " 'intimating that some form of punishment or adverse regulatory action would follow.'" See id. (quoting Okwedy v. Molinari, 333 F.3d 339, 343 (2d Cir. 2003)).

Here, the court has found no authority holding that a prisoner's request to speak to a correctional supervisor is constitutionally protected speech. See Blaisdell v. Frappiea, 729 F.3d 1237, 1242-1246 (9th Cir. 2013) (affirming summary judgment for defendant on retaliation claim, as prisoner's conduct was not protected by constitutional access-to-courts doctrine or First Amendment right to freedom of association). As plaintiff does not allege that Jochim was aware that plaintiff had engaged, or intended to engage, in any protected activity when she made the threatening gestures, he fails to allege an adverse action "because of" protected conduct. Thus defendants' motion should be granted as to the retaliation claim against Jochim.

In sum, the undersigned will recommend that defendants' Rule 12(b)(6) motion be denied as to plaintiff's Eighth Amendment claims against Jochim, Lish, Lobato, Perez, Sharp, and Sullivan. Defendants' motion should be granted as to plaintiff's Eighth Amendment claim against Virga and the First Amendment claim against Jochim.

////

II. Motion for Summary Judgment

Defendants argue that summary judgment should be granted as to Jochim, Lobato, Sharp, Sullivan, and Virga due to plaintiff's failure to exhaust administrative remedies as to these defendants. (ECF No. 25.) Plaintiff has filed an opposition (ECF No. 33), and defendants have filed a reply (ECF No. 36).

A. Exhaustion Requirement

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (also known as the Prison Litigation Reform Act ("PLRA")). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*).

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). A final decision from the Director's level of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). See Lira v. Herrera, 427 F.3d 1164, 1166–67 (9th Cir. 2005). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006).

Under Title 15 of the California Code of Regulations, inmates are required to identify each prison official whose conduct or omission they are grieving, or to provide all available information to assist the appeals coordinator in making a reasonable attempt to identify the staff

member. Id., § 3084.2(a)(3). However, to satisfy the PLRA's exhaustion requirement, a prisoner is not required to name the individuals in his inmate appeal that he later decides to name in his lawsuit. See Jones, 549 U.S. at 218 (the PLRA does not impose a requirement that prisoners must identify a particular responsible party); Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005) (exhaustion does not require identification of any specific persons). Nor is a prisoner required to allege every fact necessary to state or prove a legal claim in his administrative appeal. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). Rather, the primary purpose of an administrative appeal is merely "to notify the prison of a problem." Id. at 1120.

B. Facts

Between the incident that is the subject of this lawsuit and the filing of this action, plaintiff filed one relevant inmate appeal and pursued it through the third and final level of review.

In Appeal No. SAC-12-02020, plaintiff claimed that Dingfelder, Lish, McElroy, and Perez used excessive force against him on June 12, 2012.[2] (DUF 3(b); ECF No. 25-8.) He named Jochim and Lobato as correctional staff who failed to intervene on his behalf. (DUF 3(b); see ECF No. 25-8 at 4.) In a declaration submitted in the appeals process, he stated: "Additional CSP-Sac staff (custody staff & medical staff) observed the foregoing events – in whole or in part – without intervening on my behalf." (ECF No. 25-8 at 26.) He did not name Sharp, Sullivan, or Virga.

On April 30, 2013, after an investigation into the incident, the Director's Level reviewer found that "staff did violate policy and the appropriate administrative action was taken." (ECF No. 25-8 at 2.) Further relief was deemed unwarranted; however the decision exhausted the administrative remedies available to plaintiff. (Id. at 2-3.)[3]

---

[2] None of plaintiff's appeals concerned Jochim's alleged retaliation against him.

[3] Based on his actions on June 12, 2012, plaintiff was issued a Rules Violation Report and convicted of Obstructing a Peace Officer – Holding a Food Port, in violation of Cal. Code Regs. tit. 15, § 3005(b). (ECF No. 25-9 at 2-3.) In Appeal No. SAC-S-12-02771, plaintiff claimed that he was falsely accused of this violation and that his due process rights were violated at the disciplinary hearing. Citing procedural flaws in the hearing, he requested that the disciplinary

C. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See <u>Matsushita</u>, 475 U.S. at 587.

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." <u>Albino</u>, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." <u>Id.</u> The ultimate burden of proof remains with defendants, however. <u>Id.</u> "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." <u>Id.</u> at 1166.

////

---

conviction be expunged from his record. (<u>Id.</u> at 4-5.) The Second Level reviewer found that plaintiff's due process rights were violated when the postponement of his hearing date was improperly approved. The appeal was partially granted, and a rehearing on the disciplinary charge ordered. (<u>Id.</u> at 2-3.) This appeal has only marginal relevance to the issue of whether the instant claims are exhausted.

D. <u>Analysis</u>

There is no dispute of material fact as to the content or timing of plaintiff's inmate appeal concerning the June 12, 2012 incident. Defendants argue that plaintiff failed to exhaust as to defendants Jochim (Eight Amendment claim) and Lobato because he only stated that they failed to intervene in the assault. As set forth above, plaintiff states Eighth Amendment claims against these defendants on this basis. These claims are exhausted.

Defendants further argue that plaintiff failed to exhaust his Eighth Amendment claims against Sharp and Sullivan because he did not name them in the appeal. Drawing all reasonable inferences in plaintiff's favor, however, it appears that plaintiff described the incident in as much detail as he could observe or recall, including the names of numerous correctional staff. More generally, he alerted the appeals coordinator to the problem that multiple correctional guards witnessed the use of excessive force against him on June 12, 2012 and failed to intervene. He thus provided all available information to aid in the identification of involved staff members, per prison regulations. Thus plaintiff's claims are also exhausted as to Sharp and Sullivan.

As set forth above, the undersigned finds that the FAC does not state a deliberate indifference claim against Virga or a retaliation claim against Jochim. To the extent these claims may nonetheless survive, the undersigned finds that plaintiff failed to exhaust administrative remedies as to these claims, as his appeals cannot fairly be said to encompass them.

In sum, the undersigned will recommend that defendants' summary judgment motion be denied as to plaintiff's Eighth Amendment claims against Jochim, Lobato, Sharp, and Sullivan. Based on its earlier findings on the motion to dismiss, the court will further recommend that summary judgment be denied as moot as to defendant Virga and the First Amendment claim against Jochim.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 24) be granted in part and denied in part as follows:

      a. Granted as to plaintiff's First Amendment claim against Jochim;

      b. Granted as to plaintiff's Eighth Amendment claim against Virga;

      c. Otherwise denied; and

      d. Defendant Virga be dismissed from this action with prejudice.

  2. Defendants' motion for summary judgment (ECF No. 25) be denied as follows:

      a. Denied on the merits as to plaintiff's Eighth Amendment claims against Jochim, Lobato, Sharp, and Sullivan;

      b. Denied as moot as to plaintiff's First Amendment claim against Jochim and Eighth Amendment claim against Virga.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 30, 2015

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jone1375.msj_mtd