UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WAYNE JONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C. W. McELROY, et al.,<br><br>　　　　　　Defendants. | No. 2:13-cv-1375 GEB CKD P<br><br><br>ORDER |

　　　　This pro se prisoner civil rights action proceeds against eight defendants. (See ECF No. 46.) All seek to compel plaintiff to complete his deposition, which began on July 17, 2015. (ECF Nos. 63 & 65.) Defendants also seek monetary sanctions for plaintiff's refusal to complete the July 17, 2015 deposition in defendant Dingfelder's presence. (Id.)

　　　　Plaintiff has not opposed defendants' motion. Rather, he has filed his own motion for a protective order "excluding Defendants and other prison officials from [the] deposition room during any future Court-Ordered deposition." (ECF Nos. 69, 70 & 71.) Defendants oppose this motion. (ECF No. 72.)

　　　　For the reasons set forth below, the court will grant defendants' motion to compel and deny plaintiff's motion for a protective order. However, defendants' counsel will be ordered to confer with plaintiff on minimizing any intimidation to plaintiff caused by defendants' presence.

////

1

I. <u>Motion to Compel</u>

Defendants' motion includes a declaration by attorney Janine K. Jeffery describing the events of July 17, 2015. (ECF No. 63-2.) She states that, at the beginning of plaintiff's properly noticed deposition, he refused to participate with Dingfelder in the room. (<u>Id.</u>, ¶ 3.) Jeffery explained that Dingfelder had a right to attend the deposition and informed plaintiff that she would seek sanctions if he refused to be deposed. (<u>Id.</u>)

Jeffery told plaintiff she wished to have Dingfelder present to help her know what questions to ask. (<u>Id.</u>, ¶ 4-5.) Plaintiff refused to identify what harm would be caused by Dingfelder's presence. (<u>Id.</u>, ¶ 5.) Jeffery offered to have Dingfelder sit out of plaintiff's line of sight, with his back to plaintiff, but plaintiff refused this offer. (<u>Id.</u>) Despite Jeffery's efforts to meet and confer with plaintiff and accommodate him, he would not tell her what harm would be caused by Dingfelder's presence. (<u>Id.</u>, ¶ 6.) An attached excerpt from the deposition accords with this summary. (Jeffery Decl., Ex. B.)

Defendants seek an order compelling plaintiff to appear for his deposition within thirty days, and to be deposed in the presence of defendants, if defendants so choose. (<u>See</u> ECF No. 63-3.) They also seek $3,259 in sanctions, the amount of fees and costs incurred in trying to take plaintiff's deposition on July 17, 2015. (<u>See id.</u>)

To proceed with this action, plaintiff must cooperate in discovery, including being deposed. Thus the factors of timeliness, good cause, utility, and materiality weigh in favor of granting the motion to compel plaintiff's deposition. <u>See</u> <u>CSC Holdings, Inc. v. Redisi</u>, 309 F.3d 988, 993 (7th Cir. 2002); Fed. R. Civ. P. 37(a)(3)(B)(i), 37(d)(1)(A)(i). The court will grant defendants' motion to compel plaintiff to appear for his deposition within thirty days. Absent a protective order, discussed below, plaintiff has no grounds on which to object to the presence of any defendant at his deposition.

As plaintiff is an indigent prisoner, the court will deny defendants' request for monetary sanctions. <u>See</u> Fed. R. Civ. Pr. 37(a)(5)(A)(iii). However, if plaintiff again refuses to subject himself to deposition, the court will consider the sanction of dismissing this action pursuant to Rule 37.

II. <u>Motion for Protective Order</u>

Plaintiff moves for a protective order under Federal Rule of Civil Procedure 26(c), which provides that the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden[,]" including "designating the persons who may be present while the discovery is conducted." He also invokes Rule 30(d)(3)(A), which provides that "[a]t any time during deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

Plaintiff seeks an order barring defendants and other prison officials from any future deposition of him. He asks that only defendants' attorneys and the court reporter be allowed to attend his deposition. (ECF No. 70 at 4-5.)

Plaintiff asserts that, at his July 17, 2015 deposition, he cooperated while being deposed by counsel for defendants Lobato, Sharp, Jochim, Perez, and Sullivan. Forty-five minutes into the deposition, Ms. Jeffery – counsel for defendants McElroy, Dingfelder, and Lish – informed plaintiff that Dingfelder would be present while she questioned him. Plaintiff asserts that this was a ploy to intimidate and harass him, and that he refused to participate further without seeking a protective order. (ECF No. 70 at 3-4.)

Plaintiff provides no specific reasons why Dingfelder's presence amounts to intimidation or harassment. He refers to his allegations in the First Amended Complaint that Dingfelder maliciously beat him and falsified reports against him, and asserts that he continues to suffer retaliation at the hands of defendants and other prison officials. He "believes that he may be at additional risk if other prison officials hear answers to questions posed at the deposition" and states that he overheard Dingfelder "discussing the deposition with two other correctional staff members." (ECF No. 70 at 3-4.) Plaintiff does not address Ms. Jeffery's offer to have Dingfelder sit out of plaintiff's line of sight. He asserts that Dingfelder stood directly behind him, creating an atmosphere of intimidation and harassment. (<u>Id.</u> at 4.)

The Federal Rules do not specifically state who may attend a deposition. <u>See</u> Fed. R. Civ. P. 26(c)(1). Generally, parties and their counsel have a right to attend every deposition. <u>See</u>

3


Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973).  Under Rule 30(b), "the court has the power to exclude even a party, although such an exclusion should be ordered rarely indeed.  [It] is appropriate only to protect the deponent from embarrassment or ridicule intended by the calling party." (Id.)  "Exclusion of witnesses from depositions . . . should be rarely ordered, and should be permitted only upon a heightened showing of 'exceptional' or 'compelling' circumstances necessary to protect the deponent."  EEOC v. JBS USA, LLC, 2012 WL 934205, *2 (D. Colo. Mar. 20, 2012).

Here, plaintiff has not shown exceptional or compelling circumstances that warrant excluding Dingfelder or any other defendant.  Counsel can accommodate plaintiff's concerns by having defendants sit outside plaintiff's line of sight or in the location least intimidating to plaintiff.  Because plaintiff and defendants' attorneys should confer on this issue when plaintiff resumes his deposition (as attempted by Ms. Jeffery at the previous deposition), the court will issue a limited protective order to this effect.  See Fed. R. Civ. P. 26(c).

Plaintiff requests that the July 17, 2015 deposition transcript be ordered "null and void."  He also requests that, if the protective order is denied, defendants be ordered to depose him via written questions.  The court will deny these requests, as defendants are entitled to orally depose a party, and there is no reason to nullify the earlier portion of plaintiff's deposition.  See Fed. R. Civ. P. 30(a)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel deposition (ECF No. 63) is granted in part and denied in part as follows:

   a. Plaintiff is ordered to appear to complete his deposition;

   b. The deposition can be taken on ten days' notice and must be completed within 30 days of this order; and

   c. The motion is denied as to monetary sanctions.

////

////

////

2. Plaintiff's motion for protective order (ECF No. 69) is denied.

3. If one or more defendants attend plaintiff's deposition, defendants' counsel shall meet and confer with plaintiff so as to minimize any resulting intimidation to plaintiff.

Dated:  August 28, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jone1375.mtc