1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY WAYNE JONES,                        No.  2:13-cv-1375 GEB CKD P

12                  Plaintiff,

13        v.                                    ORDER

14   C W McELROY, et al.,

15                  Defendants.

16

17        This pro se prisoner action pursuant to 42 U.S.C. § 1983 proceeds against eight defendants

18   represented by two separate attorneys.  The complaint concerns an alleged incident of excessive

19   force on June 12, 2012.  (ECF No. 9.)  Before the court is plaintiff's September 25, 2015 motion

20   to compel further discovery responses.  (ECF No. 79.)  Both sets of defendants have opposed the

21   motion.  (ECF Nos. 82 & 84.)  Plaintiff has replied to both oppositions.  (ECF Nos. 92 & 99.)

22        For the reasons set forth below, plaintiff's motion will be granted in part and denied in

23   part.

24   I.  Legal Standard

25        Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery

26   regarding any non-privileged matter that is relevant to any party's claim or defense.  Fed.R.Civ.P.

27   26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably

28   calculated to lead to the discovery of admissible evidence."  Id.

                                                1

1  With respect to requests for production, a party may propound requests for production of

2  documents that are within the scope of Federal Rule of Civil Procedure 26(b).  Fed.R.Civ.P.

3  34(a).  With respect to interrogatories, a party may propound interrogatories related to any matter

4  that may be inquired into under Federal Rule of Civil Procedure 26(b).  Fed.R.Civ.P. 33(a)(2).

5  Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

6  move for an order compelling an answer, designation, production, or inspection."  Fed.R.Civ.P.

7  37(a)(3) (B).  The court may order a party to provide further responses to an "evasive or

8  incomplete disclosure, answer, or response."  Fed.R.Civ.P. 37(a)(4).  "District courts have 'broad

9  discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

10  Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012).

11  II. Analysis

12  Plaintiff seeks to compel further responses from defendants regarding three sets of

13  interrogatories, three sets of requests for production of documents (RFPs), and two sets of

14  requests for admission (RFAs).  Defendants assert that their responses to these requests are full

15  and adequate.

16  A.  Interrogatories

17  Under the Federal Rules of Civil Procedure, interrogatories must be "answered separately

18  and fully in writing under oath."  Fed.R.Civ.P. 33(b)(3).  A party is obligated to respond to the

19  fullest extent possible and state any objections with specificity.  Fed.R.Civ.P. 33(b)(3), (b)(4).

20  While extensive research is not required, a reasonable effort to respond must be made. L.H. v.

21  Schwarzenegger, No. S–06–2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).

22  In a motion to compel, the moving party bears the burden of showing why the other party's

23  responses are inadequate or their objections unjustified.  See Williams v. Cate, 2011 WL 6217378

24  at *1 (E.D. Cal. Dec.14, 2011), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27,

25  2008).  A district court has broad discretion in deciding whether to require answers to

26  interrogatories.  See 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2176 at 311

27  and n. 1 (Civil 2d ed.1994).

28  ////

2

1      <u>Set One, Interrogatory Nos. 4-6</u>

2          These interrogatories seek information about the rules and procedures in effect at

3  California State Prison-Sacramento ("CSP-Sac") in June 2012 for escorting Administrative

4  Segregation ("Ad-Seg") inmates to and from their cells.  (ECF No. 79-2 at 6-7.)

5          Plaintiff argues that the responses by McElroy, Dingfelder, and Lish are inadequate

6  because they explain the procedures for Enhanced Outpatient Program ("EOP") inmates in Ad-

7  Seg, and plaintiff was not an EOP inmate.  (ECF No. 79-1 at 3.)  He seeks supplemental

8  responses disclosing the procedures used for escorts of General Population inmates in Ad-Seg.

9  (<u>Id.</u>)  Defendants counter that the procedures described in their responses applied to both EOP

10  and non-EOP inmates in Ad-Seg; thus, their responses were complete.  (ECF No. 82-2.)

11          Plaintiff also argues that Sullivan's response is inadequate.  (ECF No. 79-1 at 3.)  In

12  opposition to the motion, Sullivan asserts that she is "unable to respond to this request as it is

13  outside her duties and scope of knowledge as a licensed psychologist."  (<u>Id.</u>)  Sullivan further

14  states that she is a medical professional and does not know the procedure for escorting inmates

15  from a secured area.  (ECF No. 84 at 8.)

16          Upon review, the court will not order supplemental responses to these requests.

17      <u>Set One, Interrogatory Nos. 7-8</u>

18          These interrogatories request a list of all persons "who may have knowledge of Plaintiff's

19  allegations" as set forth in Counts 1 and 2 of the First Amended Complaint ("FAC").  (ECF No.

20  79-2 at 7-8.)

21          Plaintiff argues that the responses by Jochim, Lobato, Perez, Sharp, and Sullivan are

22  inadequate.  These defendants responded that, other than the named defendants, they were

23  unaware of any other person who may have knowledge of plaintiff's allegations, but would

24  amend this response if other such persons were identified.  (ECF No. 79-2 at 7-8.)  Plaintiff

25  argues that this response is "ambiguous" and would allow defendants to introduce witnesses not

26  previously identified.  (ECF No. 79-1 at 4.)

27          In opposition to the motion, defendants argue that their response was unambiguous.

28  Citing Rule 26(a)(1)(B)(iv) of the Federal Rules of Civil Procedure, defendants further argue that

3

1    they are not required to identify or disclose witnesses in a prisoner case.

2          Upon review, the court will not order supplemental responses to these requests.

3          Set One, Interrogatory No. 9

4          This interrogatory asked defendant Jochim "the name of the person or persons who

5    ordered you to write a supplemental report" about the June 12, 2012 incident.  Defendant's

6    counsel inadvertently copied and pasted the wrong response to this interrogatory and offers a

7    supplemental response, essentially stating that Jochim does not recall which sergeant ordered her

8    to write the report.  (ECF No. 84 at 9-10.)

9          As to defendants Lobato, Perez, Sharp, and McElroy, this interrogatory asked "the

10   approximate time on June 12, 2012 at which you returned to escort plaintiff back to the Ad-Seg

11   housing unit."  (ECF No. 79-1 at 4.)  These defendants responded that they did not recall the time,

12   or even whether they escorted plaintiff back to Ad-Seg on that day.  Plaintiff seeks an order

13   requiring these defendants to supplement their responses with specific answers.

14         Upon review, the court will not order supplemental responses to this request.

15         Set One, Interrogatory Nos. 12-14

16         These interrogatories seek information about the June 2012 policy at CSP-Sac concerning

17   an Ad-Seg inmate's medical emergency, including complaints of chest pains and/or request for

18   medical treatment.  (ECF No. 79-2 at 9.)

19         Plaintiff seeks to compel supplemental responses from Sullivan, who responded that the

20   requests were outside her duties and scope of knowledge as a licensed psychologist.  (Id.)

21         As with Set One, Interrogatory Nos. 4-6, the court will not order supplemental responses

22   to these requests.

23         Set Two, Interrogatory Nos. 1-3

24         These interrogatories ask defendants to "state the procedure(s) in effect, if any, during

25   June 2012 at CSP-Sac" for Ad-Seg inmates to conduct legal phone calls.  The requests seek the

26   procedures for scheduling calls, telephone access, and time allotted for such calls.  (ECF No. 79-2

27   at 108.)

28   ////

4

1    Defendants responded by citing the state regulations governing inmate telephone calls.

2    (Id.)

3    Plaintiff seeks to compel McElroy, Dingfelder, and Lish to supplement their responses,

4    arguing that the cited provisions "do not specifically address the procedure for scheduling and/or

5    conducting legal phone calls for Ad-Seg inmates." (ECF No. 79-1 at 6.)  In opposition,

6    defendants assert that the cited provisions "are the only written policies of which defendants are

7    aware regarding legal phone calls." (ECF No. 82 at 3.)

8    Upon review, the court will not order supplemental responses to these requests.

9    Set Three, Interrogatory No. 1

10   In this interrogatory, plaintiff asked Sullivan to "state the reason or reasons you did not

11   complete a report documenting your personal knowledge of the June 12, 2012 incident involving

12   Plaintiff and Defendants prior to the completion of your shift." (ECF No. 79-2 at 210.)

13   Sullivan responded that she was not involved in the incident, was in the restroom when

14   the alarm sounded, and when she exited, became exposed to chemical agents and immediately left

15   the building.  (Id. at 211.)  She further responded that she witnessed "only the tail-end of an

16   incident where custody staff were attempting to subdue a resistive inmate" and did not get

17   involved.  (Id.)

18   Plaintiff seeks to compel a supplemental response from Sullivan.  He believes she did

19   provide a statement or write a report based on her observation of the incident. (ECF No. 79-1 at

20   6-7.)  In opposition, Sullivan asserts that, to the best of her belief and recollection, she did not

21   write a report, and no such report was included in the incident packet. (ECF No. 84 at 12.)

22   In the version of this interrogatory served on Lish, plaintiff sought "the names of each

23   CSP-Sac staff member who responded" to the June 12, 2012 incident. (ECF No. 79-2 at 220.)

24   Lish responded that those names are contained in the incident report produced to plaintiff.  (Id.)

25   Plaintiff seeks to compel a supplemental response from Lish, who reasserts that plaintiff

26   already has the official document containing this information.

27   Upon review, the court will not order supplemental responses to this request.

28   ////

5

B. Requests for Admission

The responding party may be asked to admit the truth of any fact, application of law to fact, or opinions about either, and the genuineness of any documents. Fed.R.Civ.P. 36(a). If a matter is not admitted, the responding party must specifically deny the matter or state in detail why the matter cannot be truthfully admitted or denied. Id. If a request is objected to, the grounds must be stated. Id.

Requests for admission are intended to eliminate those issues on which there are no genuine disputes between the parties. Bovarie v. Schwarzenegger, 2011 WL 719206, at *6 (S.D. Cal. Feb.22, 2011). Requests for admission are not a discovery device for gathering evidence, id., and they are not intended as a substitute for other methods of discovery, Woodall v. California, 2010 WL 4316953 at *3 (E.D. Cal. Oct. 22, 2010).

Set One, RFA No. 1

Plaintiff asked defendants to "admit or deny that prior to June 12, 2012, any defendant named in [the FAC] was inflicting cruel and unusual punishment upon inmates housed in Facility B4/Ad-Seg." (ECF No. 79-2 at 55.)

Defendants McElroy, Dingfelder, and Lish neither admitted nor denied the RFA, but objected on various grounds, including that the request was vague, ambiguous, and overly broad as to time. (Id. at 56.) Plaintiff seeks an order compelling them to either admit or deny the RFA. (ECF No. 79-1 at 7.) In opposition, these defendants reassert that the request is "too vague and ambiguous to admit or deny." (ECF No. 82 at 4.) They point out that the FAC named over twenty defendants, there is no time limit on plaintiff's request, and they "could not possibly have knowledge as to whether every single defendant has or has not mistreated an Ad-Seg prisoner at any point . . . prior to June 12, 2012." (Id.) They further argue that the phrase "cruel and unusual punishment" calls for expert legal opinion.

Upon review, the court will not compel supplemental responses to this request.

Set One, RFA No. 3

Plaintiff asked defendants to admit or deny that "on June 12, 2012 at approximately 1155 hours, Ad-Seg Correctional Staff did, in fact, violate CDCR's policy and the appropriate

1  administrative action was taken." (ECF No. 79-2 at 63.)

2      Defendants Perez, Sharp, and Sullivan neither admitted nor denied the RFA, but objected

3  on various grounds, including the official information privilege. (Id.) Plaintiff seeks an order

4  compelling them to either admit or deny the RFA. (ECF No. 79-1 at 8.)

5      In opposition, these defendants supplement their response to state that "no Defendant

6  violated CDCR's use of force policy with regard to the June 12, 2012 incident involving

7  plaintiff." (ECF No. 84 at 13-14.) They maintain that any other information sought is irrelevant

8  and thus subject to a qualified privilege.

9      "Federal common law recognizes a qualified privilege for official information." Sanchez

10  v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990). "To determine whether the

11  information sought is privileged, courts must weigh the potential benefits of the disclosure against

12  the potential disadvantages. If the latter is greater, the privilege bars discovery." Id. at 1033–34.

13      As defendants have denied the RFA to the extent it is relevant to this action, the court will

14  not compel a further response to this request.

15      Set One, RFA No. 12

16      Plaintiff asked defendants to admit or deny that "your Rules Violation Report Log No.

17  A/S-12-06-0365 is based on personal knowledge." (ECF No. 79-2 at 54.)

18      Defendants McElroy, Dingfelder, and Lish objected on various grounds, but responded: "I

19  witnessed the incident." (Id.) Plaintiff seeks an order compelling these defendants to supplement

20  their response, arguing that it is "evasive. (ECF No. 79-1 at 8.) In opposition, defendants assert

21  that they answered as completely as possible and do not know what additional information

22  plaintiff seeks.

23      Upon review, the court will not order supplemental responses to this request.

24      Set Two, RFA No. 1

25      Plaintiff asked defendants to admit or deny "that CDCR's policy and/or procedure

26  mandate that all Administrative Segregation (Ad-Seg) inmates are properly handcuffed, as

27  prerequisite, to opening any and all cell doors and holding cage." (ECF No. 79-2 at 122-23.)

28  ////

7

Defendants McElroy, Dingfelder, and Lish objected on various grounds. They also asserted the request was duplicative of prior requests which had been answered. Plaintiff seeks to compel supplemental responses from these defendants.

In opposition, these defendants note that, in response to Set One, RFA No. 11, they admitted "that policy states that Ad-Seg inmates are to be handcuffed when moved from a secure area." (ECF No. 79-2 at 57.) They argue that the instant request is duplicative.

As plaintiff's request is more specific than defendants' admission in response to RFA No. 11, this request will be granted as follows: Defendants McElroy, Dingfelder and Lish shall admit or deny whether CDCR policy requires Ad-Seg inmates to be handcuffed before correctional officers open the door to the cell or holding cage in which the inmate is housed.

Set Two, RFA No. 3

Plaintiff asked defendants to admit or deny "that CDCR's policy and/or procedure mandate that staff, specifically Incident Commanders, secure and preserve all relevant use-of-force evidence." (ECF No. 79-2 at 123.)

Defendants McElroy, Dingfelder, and Lish objected on grounds of vagueness, ambiguity, and irrelevance. (Id.) Plaintiff seeks to compel supplemental responses from these defendants, arguing that their objections are improper. (ECF No. 79-1 at 9.)

Upon review, the court will not order supplemental responses to this request.

Set Two, RFA Nos. 12-14

Plaintiff asked defendants to admit or deny that, during the relevant period on June 12, 2012, plaintiff was handcuffed before the Ad-Seg holding cage cell door was opened, before exiting the Ad-Seg holding cage, and before exiting his assigned cell. (ECF No. 79-2 at 132.)

Defendants Lobato, Sharp, and Sullivan responded that they were without sufficient information or knowledge to admit or deny and, on that basis, denied the RFAs. (Id.) Plaintiff seeks to compel supplemental responses from these defendants, arguing that their responses are "not specific" and therefore inadequate. (ECF No. 79-1 at 9.) In opposition to the motion, defendants argue that they properly denied the RFAs due to lack of knowledge. (ECF No. 84 at 14.)

8

1    Upon review, the court will not order supplemental responses to this request.

2    C.  Requests for Production

3    The reach of Federal Rule of Civil Procedure 34, which governs requests for production,

4    "extends to all relevant documents, tangible things and entry upon designated land or other

5    property."  Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472–473 (1998), citing 8A C. Wright

6    & A. Miller, Federal Practice and Procedure § 2206, at 381.  Rule 34 does require that the party

7    upon whom a request is served "be in possession, custody, or control of the requested item."  Id.,

8    at 473, citing Estate of Young v. Holmes, 134 F.R.D. 291, 293 (D. Nev. 1991).  Under Rule 34,

9    "[c]ontrol is defined as the legal right to obtain documents upon demand. [Citation.]  The party

10   seeking production of the documents ... bears the burden of proving that the opposing party has

11   such control."  U.S. Int'l Union of Petroleum and Indus. Workers, AFL–CIO, 870 F.2d 1450,

12   1452 (9th Cir. 1989)

13   Set One, RFP Nos. 11-13

14   In these requests, plaintiff asked defendants to produce:

15   •   "the videotaped use-of-force interview of Plaintiff, conducted by Lieutenant R. Heise n

16       June 12, 2012" (RFP No. 11);

17   •   "the videotaped surveillance of Facility B yard mounted cameras – between housing units

18       B1-B4 – relevant to the escort of Plaintiff to and from the Ad-Seg unit on June 12, 2012"

19       (RFP No. 12); and

20   •   "the names . . . of all CSP-Sac inmates housed in Ad-Seg on June 12, 2012" in specified

21       cells (RFP No. 13).

22   (ECF No. 79-2 at 83-84.)

23   As to RFP No. 11, defendants Jochim, Lobato, Perez, Sharp, and Sullivan responded that

24   the use-of-force video "could not be located" and they would amend their response if it were

25   located.  (ECF No. 79-2 at 84.)  Defendants McElroy, Dingfelder and Lish responded: "It is my

26   understanding that this videotape has been misplaced by CDCR and is not available."  (ECF No.

27   79-2 at 103.)

28   ////

9

1    In his motion to compel, plaintiff argues that monetary sanctions for spoliation of

2   evidence should be imposed on defendants if they do not produce the use-of-force videotape

3   requested in RFP No. 11.  (ECF No. 79-1 at 10.)  Defendants argue that the videotape "was not

4   preserved by CDCR at the time of the incident" and that they have "no control over the

5   preservation of these videotapes" and cannot produce something they cannot obtain.  (ECF No.

6   82 at 7.)  Defendants further argue that sanctions are not warranted, as they have made a good-

7   faith effort to locate the requested videotape but cannot do so.  (ECF No. 84 at 15.)

8    This court cannot order a defendant to produce documents that do not exist or are not in

9   the defendant's possession or control.  See Fed.R.Civ.P. 34(a); United States v. Int'l Union of

10  Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party seeking the

11  production of documents . . . bears the burden of proving that the opposing party has such

12  control.").  Based on their responses, it appears that the videotape is not within defendants'

13  control.

14    As to sanctions, it is unclear whether the use-of-force videotape was destroyed or lost.  If

15  the former, it is not clear when or under what circumstances the tape was destroyed.   "A party

16  seeking sanctions for spoliation of evidence must prove the following elements: (1) the party

17  having control over the evidence had an obligation to preserve it when it was destroyed or altered;

18  (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence

19  that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the

20  discovery of the spoliated evidence[.]"  Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216

21  (S.D.N.Y.2003).  Here, plaintiff has not proven the elements for spoliation sanctions against any

22  defendant.  "Even assuming the video should have been preserved, the Court is unwilling to foist

23  the CDCR's breach on Defendant[s].  Moreover, Plaintiff fails to cite any authority that imposing

24  the sanction on Defendant[s] is appropriate given the spoliation, if any, was committed by the

25  CDCR."  Emery v. Harris, No. 1:10-cv- 1947 JLT (PC), 2014 WL 710958, * (E.D. Cal. Feb. 21,

26  2014).  Thus the court will deny plaintiff's motion to compel as to RFP No. 11 and also deny his

27  request for spoliation sanctions against defendants.

28  ////

1          Similarly, as to RFP No. 12, defendants responded that the surveillance videotape does

2    not exist because it was not preserved by CDCR.  As above, defendants argue that they had no

3    control over the preservation of the surveillance footage and cannot produce it.  For the reasons

4    set forth above, the court will deny plaintiff's motion to compel as to RFP No. 11 and also deny

5    his request for spoliation sanctions.

6          As to RFP No. 13, seeking a list of inmates housed in Ad-Seg on the day of the incident,

7    defendants Lobato, Sharp, Jochim, Perez, and Sullivan objected that the request was overbroad,

8    sought information that could raise safety concerns for other inmates, and sought irrelevant

9    information not reasonably calculated to lead to the discovery of admissible evidence.  Apart

10   from these objections, defendants did not respond.  (ECF No. 79-2 at 88-89.)  In their response,

11   defendants McElroy, Dingfelder, and Lish referred plaintiff to the response by Lobato et al.,

12   represented by the Deputy Attorney General.  (Id. at 94.)

13         In his motion, plaintiff asserts that he is "only interested in [these] inmates' prior and

14   pending grievances, appeals, and complaints involving incidents of a similar nature" to the

15   alleged excessive use of force.  He further states that he is amenable to defendants redacting

16   sensitive information from the list of names.  (ECF No. 79-1 at 11.)

17         In opposition, defendants argue that they do not have a duty to create a list of inmate

18   names such as plaintiff requests and that neither the list of names nor grievances are likely to lead

19   to the discovery of admissible evidence.  The court agrees that the sought-after inmate grievances

20   about "similar incidents" are too attenuated from this action to likely lead to the discovery of

21   admissible evidence.  See Rangel v. Latraille, No. 1:10-cv-1790 AWI-BAM-PC, 2013 WL

22   3282942, *8 (E.D. Cal. June 27, 2013) (denying plaintiff's request to compel production of

23   documents regarding "any and all allegations of excessive force" against defendants while

24   employed by CDCR, as responsive documents were not relevant to plaintiff's claims or defenses).

25         Thus the court will deny plaintiff's request to compel further responses to RFP No. 13.

26   ////

27   ////

28   ////

1    Set Two, RFP Nos. 1-10

2        In these requests, plaintiff sought the production of

3            document[s], and responses thereto, regarding any and all
             grievances, appeals, complaints, and other related documents filed
4            against Defendants concerning, respectively, the use of excessive
             force, the use of unnecessary force, the failure to intervene or
5            protect CSP-Sac inmates, the deliberate indifference to CSP-Sac
             inmates' serious medical needs, the fabrication of reports, the
6            specific act of retaliating against CSP-Sac inmates, the "Code of
             Silence," and the specific act to violate CSP-Sac inmates' civil
7            rights.

8    (ECF No. 79-1; see ECF No. 79-2 at 150-156.)

9        Defendants objected on various grounds, including overbreadth, irrelevance,

10   confidentiality, and privilege.[1]  Defendants Jochim, Lobato, Perez, Sharp, and Sullivan further

11   responded that "other than Plaintiff's grievance, which [has been produced]. . . [defendants do]

12   not have any other responsive documents in their possession, custody, or control."  (ECF No. 79-

13   2 at 150-156.)

14       Under Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033–34 (9th Cir. 1991), the

15   confidential nature of employee personnel files prohibit the opening of such files to a plaintiff for

16   a general search which could reach well beyond the legitimate inquiries necessary.  Government

17   personnel files are considered official information.  Id. at 1033, citing Zaustinsky v. University of

18   Cal., 96 F.R.D. 622, 625 (N.D.Cal.1983).  To determine whether the information sought is

19   privileged, courts must weigh the potential benefits of disclosure against the potential

20   disadvantages.  If the latter is greater, the privilege bars discovery.  Id. at 1033-34 (citations

21   omitted).

22       Here, the court finds that defendants have not demonstrated a complete statutory or

23   privacy bar to disclosure of the requested information, to the extent it is relevant to this action.

24   See Thomas v. Beutler, No. 2:10-cv-1300 MCE CKD P, 2012 WL 4845571, **6-8 (E.D. Cal.

25   Oct. 10, 2012).  Thus, plaintiff's motion as to Set Two, RFP Nos. 1-3 and 5 will be granted to a

26   _____
     [1] Additionally, defendants filed a declaration by Appeals Coordinator C. Burnett stating that
27   "[t]here is no reasonable way to search for routine appeals filed against a particular employee,
     other than to look through every inmate appeal ever submitted during that employee's tenure at a
28   particular institution."  (ECF No. 96.)  Burnett further declares that routine appeals are retained in
     the appeals office for three years and staff complaints for five years.  (Id.)

12

1    limited extent, subject to a protective order.  All defendants shall produce responsive documents,

2    including documents from their personnel files, concerning (1) administrative findings of

3    misconduct involving the use of excessive force against inmates and (2) administrative findings

4    of misconduct involving dishonesty, during defendants' past five years of employment at CDCR

5    (i.e., February 2011 to the present day).  If no such documents exist, defendants shall so inform

6    plaintiff.

7            Disclosed documents are subject to a protective order limiting the use of the records and

8    information to the instant action and ordering defense counsel to redact identifying personal

9    information such as the defendants' home addresses, social security numbers, telephone numbers,

10   etc.

11           Plaintiff's motion is denied as to Set Two, RFP Nos. 4 and 6-10.

12           Set Three, Nos. 1-11

13           In these requests, plaintiff sought the production of

14                   documents concerning all training offered or provided to
                     Defendants between June 12, 2011 and June 12, 2012 concerning,
15                   respectively, physical contact with Ad-Seg inmates, the use of force
                     on or against Ad-Seg inmates, the methods of control and restraint
16                   of Ad-Seg inmates, the transportation and escort of Ad-Seg
                     inmates, cell extractions of Ad-Seg inmates, the response to an Ad-
17                   Seg inmate's medical emergency, the activation of Defendants'
                     personal alarm, the writing of incident and supplemental reports,
18                   the decontamination of Ad-Seg inmates' exposure to OC pepper
                     spray, the opening of Ad-Seg cell doors and holding cage doors,
19                   and the controlled use of force on or against Ad-Seg inmates.

20   (ECF No. 79-1 at 13-14; see ECF No. 79-2 at 222-227.)  Defendants objected on grounds of

21   confidentiality and irrelevance.

22            As to RFPs No. 1-4, without waiving their objections, defendants Jochim, Lobato, Sharp,

23   Sullivan, and Perez produced documents identifying the training they completed from June 12,

24   2011 to June 12, 2012.  (See ECF No. 84 at 23.)  They also provided a privilege log listing two

25   documents: (1) Use of Force Policy PowerPoint, a training aid potentially responsive to RFP Nos.

26   1-3, and (2) Application of Restraints PDF, potentially responsive to RFP No. 4.  (Id.)

27           These defendants responded that they had no responsive documents to RFP Nos. 5-8 and

28   10-11.  In response to RFP No. 9, they produced a slide from a PowerPoint training aid

1   concerning decontamination from O.C. pepper spray.  (<u>Id.</u> at 24.)

2          Defendants McElroy, Dingfelder, and Lish responded that identical requests were served

3   on the Deputy Attorney General "who has better access to the requested documents and who has

4   already filed objections."  (ECF No. 79-2 at 262-270.)  They stated that they would "produce the

5   documents showing the training they have undergone but otherwise do not have any responsive

6   documents in their possession, custody, or control."  (<u>Id.</u>)

7          In his motion, plaintiff seeks to compel defendants to supplement their responses.

8          In opposition, defendants argue that the requests seek "confidential officer training

9   documents, the disclosure of which could create a hazard to the safety and security of the

10  institution."  (ECF No. 82 at 8-9.)

11         "[W]here otherwise discoverable information would pose a threat to the safety and

12  security of a prison . . . , a need may arise for the Court to balance interests in determining

13  disclosure should occur."  <u>Scott v. Palmer</u>, No. 1:09-cv-01329 LJO SKO, 2014 WL 6685810, *1

14  (E.D. Cal. Nov. 26, 2014) (collecting cases).  "In the context of civil rights suits against

15  [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of

16  disclosure.'"  <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 (N.D. Cal. 1995).   The party

17  invoking the privilege must at the outset make a "substantial threshold showing" by way of a

18  declaration or affidavit from a responsible official with personal knowledge of the matters

19  attested.  <u>Id.</u>

20         Defendants submit the declaration of J. Prentice, the In-Service Training Lieutenant at

21  CSP-Sac.  (ECF No. 84-2.)  Prentice declares that the responsive documents identified in the

22  privilege log are kept confidential by CDCR and not disclosed to inmates, parolees, or their

23  families, as their release would endanger individuals and threaten the security of the institution.

24  (<u>Id.</u>)  Prentice further declares:

25              Disclosure of use-of-force training materials would reveal the use-
                of-force techniques and methods that prison staff use to counteract
26              disruptive inmate conduct.  If inmates had access to this type of
                information, they would have the tools to sabotage prison staff's
27              attempts to deal with disruptive inmate conduct.  . . . I have
                personally witnessed and investigated incidents where inmates used
28              their knowledge of security procedures to anticipate and counteract

                                              14

1
2
3
4

> staff's attempts to deal with disruptive conduct. Use-of-force training materials would provide inmates with knowledge by which they could more effectively orchestrate violence, create mass disturbances that are more destructive and difficult to contain, and generally undermine staff's ability to keep peace, security, and order in California's prisons.

5
6

(Id.) Prentice adds that "[e]ven disclosure subject to a carefully crafted protective order would create a substantial risk of harm." (Id.)

7
8
9
10
11
12
13
14
15

Based on the above, defendants have made a substantial threshold showing that the training materials are privileged. "If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue. If a defendant meets the threshold requirements, the court will order an in camera review of the material and balance each party's interests." Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1996); see Robinson v. Adams, 2012 WL 912746, **3-4 (E.D. Cal. March 16, 2012) (granting protective order as to CDCR use-of-force training materials after in camera review, which allowed inmate plaintiff to review the document for one hour "in the Litigation Coordinator's presence and take notes" but not to disclose its contents to any other inmates.)

16
17
18

Here, the court concludes that the Application of Restraints PDF – "a 53-page self-study lesson plan that teaches proper use of restraint gear" (ECF No. 84-2) – is minimally relevant to this action, such that the balancing test weighs against disclosure.

19
20
21

As to the Use of Force training PowerPoint, the court will conduct an in camera review[2] to determine whether some or all of this document could be disclosed to plaintiff under a strict protective order, e.g., review in the Litigation Coordinator's office.

22
23

In sum, the court will grant plaintiff's motion as to RFP Nos. 1-3 as set forth above and deny the motion as to RFP Nos. 4-11.

24

////

25
26
27
28

---

[2] Local Rule 141 allows the court to seal documents upon a written order. L.R. 141(a). Generally, the contents of such documents are of a nature that require the court to maintain the confidentiality of the documents. Here, defendants plausibly represent that institutional security would be at risk if the content of this document were publicly known.

III.  <u>Motion for Leave to Serve Defendants</u>

Also before the court is plaintiff's November 16, 2015 motion seeking to serve additional discovery requests on defendants.  (ECF No. 98.)  Defendants have opposed the motion.  (ECF No. 101.)  As plaintiff has served several sets of discovery requests on defendants and not shown good cause to modify the schedule in this action, his motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to compel (ECF No. 79) is granted in part and denied in part as follows:

a.  Granted as to Set Two, RFA No. 11: McElroy, Dingfelder and Lish shall admit or deny whether CDCR policy requires Ad-Seg inmates to be handcuffed before correctional officers open the door to the cell or holding cage in which the inmate is housed;

b. Granted as to Set Two, RFP Nos. 1-3 and 5: All defendants shall produce responsive documents, including documents from their personnel files, concerning (1) administrative findings of misconduct involving the use of excessive force against inmates and (2) administrative findings of misconduct involving dishonesty, during defendants' past five years of employment at CDCR (i.e., February 2011 to the present day).  If no such documents exist, defendants shall so inform plaintiff;

c.  Granted as to Set Three, RFP Nos. 1-3:  Defendants shall submit for <u>in camera</u> review the Use of Force Policy training PowerPoint, along with a motion to file this document under seal pursuant to L.R. 141;

d.  Defendants shall make the above disclosures no later than 21 days from the date of this order; and

e.  Plaintiff's motion to compel is otherwise denied.

2.  Plaintiff's motion to serve defendants (ECF No. 98) is denied.

Dated:  February 11, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jone1375.mtc(2)

16