UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WAYNE JONES, | No. 2:13-cv-1375 GEB CKD P |
| Plaintiff, | |
| v. | ORDER |
| C W McELROY, et al., | |
| Defendants. | |

I. Introduction

In its February 12, 2016 ruling on plaintiff's motion to compel, the court ordered defendants to submit CDCR training materials on the use of force for in camera review, as such materials were potentially responsive to plaintiff's RFP Nos. 1-3. (ECF No. 102 at 13-15.) For security reasons, the training materials were filed under seal. (Id.; ECF No. 107.) Having reviewed these documents in camera and confirming that some of them are responsive and relevant to plaintiff's excessive force claims, the court now considers whether they should be disclosed to plaintiff under a protective order.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The court has broad discretion to decide when it is appropriate to issue a protective order and the degree of protection required. Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d

1

1   1206, 1211 (9th Cir. 2002).

2   　　　The court has reviewed CDCR's 2011 Use of Force Training PowerPoint.  While most of
3   this material is relevant, the slides that address the use of deadly force are not.  Thus, the court
4   will exclude from disclosure the following slides: 2.10, 2.17, 2.18, 2.19, 2.20, 2.21, 2.22, 2.23,
5   2.24, 2.25, 2.26, 2.27, and 4.1.

6   　　　As to the remaining slides, in light of the security issues raised by disclosing CDCR
7   training materials on the use of force, the court will order these pages disclosed to plaintiff under
8   a protective order, subject to the terms set forth below.  See Robinson v. Adams, 2012 WL
9   912746, **3-4 (E.D. Cal. March 16, 2012) (issuing protective order as to CDCR use-of-force
10  training materials after in camera review).

11  II.  Protective Order

12  　　　1. Good cause appearing, the CDCR's 2011 Use of Force Training PowerPoint – minus
13  the excluded slides –  may be submitted to the possession of the following persons:

14  　　　(a) The Litigation Coordinator at the institution where plaintiff is now housed;

15  　　　(b) Counsel for plaintiff, should plaintiff acquire counsel;

16  　　　(c) Paralegal, stenographic, and clerical staff regularly employed by counsel for plaintiff;

17  　　　(d) Court personnel and stenographic reporters engaged in such proceedings incidental to
18  the preparation for trial and trial in this action;

19  　　　(e) Any outside expert or consultant retained by plaintiff for purposes of this action; and

20  　　　(f) Witnesses to whom the materials may be disclosed during the preparation for trial and
21  trial, provided that no witness may have copies of the materials, and each witness shall be
22  informed and agree to be bound by the terms of this order.

23  　　　2. Plaintiff will be allowed to review these materials, but he may not retain them in his
24  possession.  Plaintiff shall be allowed one hour to review these materials in the Litigation
25  Coordinator's presence and take notes.  He may not make copies of the material.  In addition,
26  plaintiff may not disclose to or discuss this material with any other inmate, nor may any other
27  inmate review or have possession of, any material produced pursuant to this order or plaintiff's
28  notes regarding the material.

3. All confidential material in possession of the Litigation Coordinator shall be destroyed after trial of this matter, or sooner if the Litigation Coordinator concludes the material is no longer needed for plaintiff's review.

4. No confidential material obtained by plaintiff or his counsel shall be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

5. Any violation of this protective order may be punishable as contempt of court.

6. The provisions of this order shall remain in full force and effect until further order of this court.

7. No later than 21 days from the date of this order, defendants shall file a status report on plaintiff's review of the documents in the Litigation Coordinator's presence so that the court may set a supplemental briefing schedule for summary judgment.  (See ECF No. 91.)

IT IS SO ORDERED.

Dated:  March 15, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jone1375.po