1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WAYNE JONES, | No. 2:13-cv-1375 GEB CKD P |
| Plaintiff, | |
| v. | ORDER SETTING SETTLEMENT CONFERENCE |
| C.W. McELROY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in an action brought under 42 U.S.C. § 1983. The court has determined that this case would benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Craig M. Kellison to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #1 on October 13, 2016 at 9:00 a.m.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on October 13, 2016 at 9:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #1.

1

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Judge Kellison or another representative from the court will be contacting the parties either by telephone or in person, approximately one week prior to the settlement conference, to ascertain each party's expectations of the settlement conference.

5. Briefing is stayed on plaintiff's motion for summary judgment (ECF No. 113) pending the outcome of the settlement conference.

Dated: July 18, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).